MARY A. DE ROCHE v. SALLIE R. G. MYERS.

Argued November 6, 1902—Decided February 24, 1903.

In an action of ejectment, brought by the daughter of a testator against his widow, to recover certain lands, and thereby to test the validity of the will of decedent, whereby plaintiff had been cut off, on the ground that the will was a nullity, it appeared that the *locus in quo* was the mansion-house of the testator, and that he resided there, with his wife, up to the time of his death; that she continued to reside there up to the institution of this suit, and that no dower had been assigned to her. *Held*, that a verdict for the plaintiff could not be sustained, for, if the will was valid, the plaintiff had no right, title or interest whatever in the premises, and if the will was void, the decedent died intestate, and defendant, by virtue of her right of quarantine, was entitled to the occupancy of the mansion-house so long as her dower remained unassigned   *Gen. Stat., p.* 1276, § 2.

In ejectment.   On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff, *John W. Wescott.*

For the defendant, *William T. Boyle,* with whom was *R. O. Moon* (of the Pennsylvania bar).

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   The plaintiff was a daughter and the defendant was the wife of Charles Myers, deceased, who, at the time of his death, was seized of the lands involved in this suit.   The real object of the action is to test the validity of the will of the decedent.   The plaintiff was cut off by that will; and, on the trial, undertook to show—*first,* that it had not been executed in compliance with the provisions of our statute, and *second,* that it was the product of undue influence.   The jury, after hearing the testimony on these points, rendered a verdict for the plaintiff.

The issue submitted to the jury was whether or not the plaintiff was entitled to the possession of the premises, which, at the time of the bringing of the suit, were occupied by the defendant. Their finding that she was cannot be supported upon any legal ground. The case was tried upon the theory that the right of the plaintiff depended upon whether or not the will of her father was a nullity. This was a manifest misconception of the legal situation. It appeared by the undisputed evidence in the case that the *locus in quo* was the mansion-house of the testator; that he resided there, with his wife, up to the time of his death; that, after his death, she continued to reside there up to the time of the institution of this suit, and that no dower had been assigned to her. When those facts appeared the right of the defendant to remain undisturbed by the plaintiff in her occupancy of the premises was demonstrated. As I have already stated, this was the mansion-house of the deceased at the time of his death. If his will was valid, the plaintiff had no right, title or interest whatever in the premises. If his will was void, and the decedent died intestate, the defendant, by virtue of her widow's right of quarantine, was entitled to the occupancy of the mansion-house so long as her dower remained unassigned. *Gen. Stat., p.* 1276, § 2.

The rule to show cause should be made absolute.